# EXHIBIT "B"

2-CIT/ESERVE Case 3:21-cv-00810-S   Document 1-2   Filed 04/08/21   Page 2 of 19   PageID 15

FILED
3/23/2021 11:27 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

CAUSE NO. DC-21-03700 _____

| | | |
|---|---|---|
| JACQUELINE MOORE; AND RODNEY MOORE | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| EDWARD BROWN; AND 933796 ONTARIO INC. DBA CARMEN TRANSPORT; | § § § § | |
| Defendants. | § | 160th _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Jacqueline Moore and Rodney Moore file Plaintiffs' Original Petition complaining of Defendant Edward Brown and 933796 Ontario Inc. dba Carmen Transport ("Defendants").

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## III. PARTIES

Plaintiff Jacqueline Moore is an individual resident of Seagoville, Dallas County, Texas. Her driver's license number is *****599 and her social security number is ***-**-*621.

Plaintiff Rodney Moore is an individual resident of Seagoville, Dallas County, Texas. His driver's license number is *****975 and his social security number is ***-**-* 785.

Defendant <u>Edward Brown</u> is an individual nonresident of Texas and whose home is located at 38 Edith Street, Jacksons Point, Ontario L0E 1L0, who may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas. *Tex. Civ. Prac. & Rem. Code Sections 17.062(b) and 17.063.*

Defendant <u>933796 Ontario Inc. d/b/a Carmen Transport</u>, a foreign corporation organized and existing under the laws of Canada, whose principal office is located at 3700 Weston Road, Toronto, Ontario, Canada M9L 2Z4, who is authorized to do business in Texas, and may be served with process by serving its registered agent identified through the Federal Motor Carrier Safety Administration, All States Truck Permits, 128 East 5th Street, Hereford, Texas 79045.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

**PLAINTIFFS' ORIGINAL PETITION – Page 2**

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Tuesday, February 23, 2021 at 5200 East Grand Avenue at the business of City Warehouse in Dallas, Texas within the city limits of Dallas, Dallas County, Texas.  Plaintiff Jacqueline Moore and her husband Rodney Moore, who was the passenger, were sitting in Plaintiff Jacqueline Moore's vehicle while parked in the City Warehouse's parking lot.  Defendant Edward Brown, employed by Defendant 933796 Ontario Inc. d/b/a Carmen Transport, was operating his 18-wheeler in the parking lot of City Warehouse. Defendant Edward Brown drove unsafely and collided hard into Plaintiffs' parked vehicle.  As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.     NEGLIGENCE – DEFENDANT EDWARD BROWN

At the time of the motor vehicle collision, Defendant Edward Brown was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to yield the right-of way to Plaintiffs' parked vehicle;

3. Defendant failed to keep an assured safe distance from Plaintiffs' vehicle;

4. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

5. Defendant failed to safely operate his tractor-trailer.

**B.  NEGLIGENT ENTRUSTMENT – DEFENDANT 933796 ONTARIO INC. DBA CARMEN TRANSPORT**

As an additional cause of action, Plaintiffs would show that at the time and on the occasion in question, Defendant 933796 Ontario Inc. dba Carmen Transport was the owner of the vehicle driven by Defendant Edward Brown. Defendant 933796 Ontario Inc. dba Carmen Transport entrusted the vehicle to Defendant Edward Brown. Defendant Edward Brown was unlicensed, incompetent, and/or reckless and Defendant 933796 Ontario Inc. dba Carmen Transport knew or should have known that Defendant Edward Brown was unlicensed, incompetent, and/or reckless.  Defendant Edward Brown's negligence on the occasion in question proximately caused the collision.

**C.  RESPONDEAT SUPERIOR – DEFENDANT 933796 ONTARIO INC. DBA CARMEN TRANSPORT**

Additionally, Plaintiffs would show that at the time and on the occasion complained of, Defendant Edward Brown was in the course and scope of his employment with Defendant 933796 Ontario Inc. dba Carmen Transport thereby

making Defendant 933796 Ontario Inc. dba Carmen Transport liable under the doctrine of *Respondeat Superior*.

**D.  NEGLIGENCE – DEFENDANT 933796 ONTARIO INC. DBA CARMEN TRANSPORT**

Defendant 933796 Ontario Inc. dba Carmen Transport failed to properly hire/qualify, train, retain, and/or supervise Defendant Edward Brown in order to prevent such collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiffs suffered extensive injuries and damages. As a result of Plaintiffs' injuries, Plaintiffs suffered the following damages:

- a. Medical expenses in the past and future;
- b. Plaintiffs' lost wages in the past and loss of earning capacity in the future;
- c. Property damage and loss of use of Plaintiffs' vehicle;
- d. Physical pain and suffering in the past and future;
- e. Mental anguish in the past and future; and
- f. Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANT'S DOCUMENTS

Plaintiffs hereby give notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiffs demand a trial by jury and include the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiffs recover judgment against Defendants for:

1. Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;

2. Plaintiffs' future medical expenses;

3. Plaintiffs' lost wages in the past and loss of earning capacity in the future;

4. Plaintiffs' property damage and loss of use of Plaintiffs' vehicle;

5. Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiffs' damages as allowed by law;

10. All costs of court; and

11. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Victor Rodriguez*
**VICTOR RODRIGUEZ**
State Bar No. 24063577
victor.rodriguez@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
901 W. Vickery Blvd., Suite 900
Fort Worth, TX  76104
817/263-4466
817/263-4477 (fax)

**ATTORNEYS FOR PLAINTIFFS**

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-03700

JACQUELINE MOORE, et al

vs.

EDWARD BROWN, et al

160th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $40

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To: 933796 ONTARIO INC. DBA CARMEN TRANSPORT
SERVING REGISTERED AGENT ALL STATES TRUCK PERMITS
128 EAST 5TH STREET
HEREFORD TEXAS  79045

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JACQUELINE MOORE AND RODNEY MOORE**

Filed in said Court  **23rd day of March, 2021** against

**EDWARD BROWN AND 933796 ONTARIO INC. DBA CARMEN TRANSPORT**

For Suit, said suit being numbered **DC-21-03700,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of March, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DANIEL MACIAS



**ESERVE**

CITATION

DC-21-03700

**JACQUELINE MOORE, et al**
vs.
**EDWARD BROWN, et al**

ISSUED THIS
**26th day of March, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**VICTOR R RODRIGUEZ**
901 W VICKERY BLVD STE 900
FORT WORTH TX  76104
817-263-4466
victor.rodriguez@witheritelaw.com

**DALLAS COUNTY SERVICE FEES NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03700

Court No.160th District Court

Style: JACQUELINE MOORE, et al

 vs.

EDWARD BROWN, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____ ,

20_____, by delivering to the within named _____
_____
each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | For serving Citation | $_____ | _____ |
|  | For mileage | $_____ | of _____ County, _____ |
|  | For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____  before me this  _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____  County  _____

| | |
|---|---|
| FORM NO. 3534  CITATION<br>THE STATE OF TEXAS<br><br>To:   EDWARD BROWN<br>      BY SERVING THE CHAIRMAN OF THE TRANSPORTATION COMMISSION<br>      125 E 11TH STREET<br>      AUSTIN, TEXAS 78701<br><br>GREETINGS:<br>You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.<br> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **160th District Court**  at 600 Commerce Street, Dallas Texas, 75202.<br><br> Said **PLAINTIFF** being   **JACQUELINE MOORE AND RODNEY MOORE**<br><br>Filed in said Court on the **23rd day of March, 2021** against<br><br>  **EDWARD BROWN AND 933796 ONTARIO INC. DBA CARMEN TRANSPORT**<br><br>For suit, said suit being numbered   **DC-21-03700**   the nature of which demand is as follows:<br>Suit On **MOTOR VEHICLE ACCIDENT** etc.<br>as shown on said petition  a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.<br><br>WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.<br>  Given under my hand and the Seal of said Court at office **on this the 1st day of April, 2021**<br>ATTEST: FELICIA PITRE Clerk of the District Courts of Dallas, County, Texas<br><br>   By, Deputy<br>            DANIEL MACIAS<br> | ESERVE  (COH)<br><br><br>CITATION<br><br><br>No.: **DC-21-03700**<br>**JACQUELINE MOORE, et al**<br>vs.<br>**EDWARD BROWN, et al**<br><br><br>ISSUED<br>**ON THIS THE 1ST DAY OF APRIL, 2021**<br><br><br>FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas<br><br>By **DANIEL MACIAS**, Deputy<br>_____<br>Attorney for : Plaintiff<br>**VICTOR  RODRIGUEZ**<br>WITHERITE LAW GROUP, PLLC<br>901 W VICKERY BLVD STE 900<br>FORT WORTH TX  76104<br>817-263-4466<br>victor.rodriguez@witheritelaw.com<br><br>**DALLAS COUNTY<br>SERVICE FEES<br>NOT PAID** |

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-21-03700
Court No: 160th District Court

Style: JACQUELINE MOORE, et al
 vs.
EDWARD BROWN, et al

Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ___.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____
_____   _____ President - Vice President - Registered Agent - in person, of the said
_____
 a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.
For Serving Citation     $_____        Sheriff_____
For Mileage              $_____        County of_____
For Notary               $_____        State of_____
    Total Fees           $_____        By_____
(Must be verified if served outside the State of Texas)
State of_____
County of_____
      Signed and sworn to me by the said _____ before me this _____ day of_____, 20_____, to certify which witness my hand and seal of office.

                                                                                                              _____
                         Seal                                                                                  State & County of

                                                                                                              _____

FILED
3/30/2021 9:27 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brenda Rodriguez
JAVIER HERNANDEZ DEPUTY

Writer's Direct Dial: (817) 369-3328
Writer's Fax: (817) 402-2238
Writer's E-mail: brenda.rodriguez@witheritelaw.com
Attorney's Email: victor.rodriguez@witheritelaw.com



March 30, 2021

**VIA E-FILING**
Office of Felicia Pitre
Dallas County District Clerk
600 Commerce St., suite 145
Dallas, Texas 75202

Re: *Jacquueline Moore et al. v . Edward Brown et al.* Cause No. DC-21-03700 on the docket of the the 160th Judicial District Court of Dallas County, Texas

Dear Sir/Madam:

In regards to the above referenced matter, please issue the citations as follows:

1. An additional citation fee of $4.00 serving the Chairman of Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 regarding Edward Brown.

The fee has been submitted through E-File. Please e-issue copies of the citations to brenda.rodriguez@witheritelaw.com. Please do not hesitate to contact me with any questions or concerns. I want to thank you for your assistance and I hope you have a great day.

Sincerely,

*Brenda Rodriguez*

Brenda Rodriguez
Litigation Assistant

/br

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brenda Rodriguez on behalf of Victor Rodriguez
Bar No. 24063577
Brenda.Rodriguez@witheritelaw.com
Envelope ID: 51954244
Status as of 4/1/2021 11:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victor Rodriguez | | victor.rodriguez@witheritelaw.com | 3/30/2021 9:27:05 AM | SENT |
| Vicki McDowell | | vicki.mcdowell@witheritelaw.com | 3/30/2021 9:27:05 AM | SENT |
| Brenda Rodriguez | | brenda.rodriguez@witheritelaw.com | 3/30/2021 9:27:05 AM | SENT |
| Trece Phillips | | trece.phillips@witheritelaw.com | 3/30/2021 9:27:05 AM | SENT |

Case 3:21-cv-00810-S   Document 1-2   Filed 04/08/21   Page 16 of 19   PageID 29

FILED
4/8/2021 9:11 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Eduardo Suarez DEPUTY

CAUSE NO. DC-21-03700

| | | |
|---|---|---|
| **JACQUELINE MOORE AND RODNEY MOORE** | § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § | **160TH JUDICIAL DISTRICT** |
| **EDWARD BROWN AND 933796 ONTARIO INC. DBA CARMEN TRANSPORT** | § § § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EDWARD BROWN AND 933796 ONTARIO INC. DBA CARMEN TRANSPORT,** Defendants in the above numbered and styled cause, and file this their Original Answer, and in support thereof would respectfully show unto the Court the following:

**I.**

Defendants deny each and every, all and singular, the material allegations made against them in this cause, demand strict proof thereof, and of this puts themselves upon the country.

**II.**

Pleading further, Defendants would show that at the time and on the occasion in question Plaintiffs failed to exercise that degree of care and caution which would have been exercised by persons of ordinary prudence under the same or similar circumstances. Such acts and omissions on the part of Plaintiffs constituted negligence and was a direct and proximate cause of the accident in question and the damages, if any, sustained by Plaintiffs.

**III.**

Pleading further, Defendants would show that the Plaintiffs' recovery, if any, of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiffs as mandated by Texas Civil Practice & Remedies Code Section 41.0105.

**IV.**

While denying that Plaintiffs sustained injuries and suffered the incapacities as alleged, Defendants would show that the injuries sustained by the Plaintiffs prior and/or subsequent to the date of the accident made the basis of this suit were the cause of the alleged injuries, if any, and/or incapacity of the Plaintiffs.

**V.**

Defendants would further show that the acts and omissions of Plaintiffs were the sole proximate cause, or in the alternative, a proximate cause of any damages sustained.

**VI.**

By way of further defense, Defendants would show that Plaintiffs have failed to mitigate their damages.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Edward Brown And 933796 Ontario Inc. dba Carmen Transport pray that upon final trial and hearing hereof that no recovery be had from them, that they go hence without day and recover their costs, and for such other and further relief to which they may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

By: */s/ Jonathan L. Davenport*
JONATHAN L. DAVENPORT – 24102502
JERRY L. EWING – 06755470
JAMES G. MENDEZ – 24121733
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
(214) 749-4805 – Phone
(214) 760-1670 – Facsimile
davenportvfax@wbclawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 8th day of April 2021 a true and correct copy of the foregoing was served upon all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

                                         */s/ Jonathan L. Davenport*
                                         JONATHAN L. DAVENPORT

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelby Dobson on behalf of Jonathan Davenport
Bar No. 24012502
shelbyd@wbclawfirm.com
Envelope ID: 52248743
Status as of 4/8/2021 9:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Trece Phillips | | trece.phillips@witheritelaw.com | 4/8/2021 9:11:33 AM | SENT |
| Brenda Rodriguez | | brenda.rodriguez@witheritelaw.com | 4/8/2021 9:11:33 AM | SENT |
| Victor Rodriguez | | victor.rodriguez@witheritelaw.com | 4/8/2021 9:11:33 AM | SENT |
| Vicki McDowell | | vicki.mcdowell@witheritelaw.com | 4/8/2021 9:11:33 AM | SENT |
| Jonathan Davenport andJames Mendez | | davenportvfax@wbclawfirm.com | 4/8/2021 9:11:33 AM | SENT |